```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF TEXAS
                   HOUSTON DIVISION
```

ROBERT HARVEY, Individually and §
on Behalf of All Others §
Similarly Situated, §
§
       Plaintiff, §
§
VS. §   CIVIL ACTION NO. H-12-1990
§
SCOTT MILLER, Individually, and §
HMS BEAGLE, LLC d/b/a PLONK! §
BEER AND WINE BISTRO, §
§
       Defendants. §

## OPINION AND ORDER

Pending before the Court in the above referenced collective action under the Fair Labor Standards Act ("FLSA") is an Agreed First Motion for Continuance (duplicatively filed by Defendant Scott Miller as instruments #17 and 18) of the docket call and trial dates.

Before addressing this motion, the Court observes that in Plaintiff Robert Harvey's recently filed Emergency Motion to Compel Document Production (#18), referred to United States Magistrate Frances Stacy for resolution, he stated that "[his] coworker David Jones opted in as a plaintiff on July 13, 2012 (Doc. #4). Although initially filed as a putative collective action, this is now a two-plaintiff case." Plaintiff never moved for conditional certification. Moreover, *inter alia*, Plaintiff complains that "Defendants produced no payroll records for Plaintiff David Jones, and have explicitly refused to do so absent a court order."

As a matter of law, an opt-in plaintiff in a FLSA case where no class has been certified, as is the case here, or where the class has been decertified, must be dismissed without prejudice, as he has opted into a [nonexistent] class, not into the original lawsuit, and only the original plaintiff in the suit proceeds. *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995), *overruled on other grounds* by Desert Palace, Inc. v. Costa, 539 U.S. 90, 90-91 (2003); *Plewingski v. Luby's, Inc.*, Civ. A. No. H-07-3529, 2010 WL 1610121, at *2 (S.D. Tex. Apr. 21, 2010); *Clark v. City of Fort Worth*, 800 F. Supp. 2d 776, 779 (N.D. Tex. 2011); *Johnson v. TGF Precision Haircutters, Inc.*, 2005 WL 1994286, at *1 (S.D. Tex. Aug. 17, 2005); *Castillo v. Alkire Subway, LP, G.R.A.,* Civ. A. No. H-08-2658, 2001 WL 36290153, *3 (S.D. Tex. Apr. 30, 2001); *England v. New Century Fin. Corp.*, 370 F. supp. 2d 504, 508 (M.D. La. 2005). Opt-in Plaintiff David Jones was never joined as a Plaintiff under Federal Rules of Civil Procedure 19 or 20, and given the late stage of this litigation, it is too late to do so.

In seeking a ninety-day extension for the docket call and trial dates, the parties also ask the court to extend the pleading and discovery deadlines. The Court

ORDERS that the motion for continuance (#17 and 18) is GRANTED as follows. Docket call is RESET to February 14, 2014 at 1:30 p.m. in Courtroom 9(C), with trial to follow within the next two weeks. The Court sees no reason to extend the pleadings deadline, other than the pretrial order, and the parties by their

motion have agreed to extend discovery up to 30 days before docket call.  Dispositive motions shall be filed by January 20, 2014.  A *joint* pretrial order shall be filed by February 3, 2014.  Finally, the Court

ORDERS that opt-in Plaintiff David Jones is DISMISSED without prejudice.

**SIGNED** at Houston, Texas, this 23rd day of October, 2013.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE